**SO ORDERED.**

**SIGNED this 28 day of July, 2009.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

CAREMERICA, INC.,    CASE NO: 06-02913-8-JRL
                     Chapter 7
    Debtor.


JAMES B. ANGELL, TRUSTEE,

    Plaintiff

vs.


SAUNDRA ETHERIDGE,    ADVERSARY PROCEEDING
                      NO. L-08-00164-8-JRL
    Defendant.

_____

**ORDER**

The matter before the court is the motion to dismiss the adversary proceeding by Saundra Etheridge (the "Defendant"). The court held a hearing on this matter on May 21, 2009 in Raleigh, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing granting the motion to dismiss.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., and The Meadows of Wilmington, Inc. each filed a petition for relief under chapter 11 of the Bankruptcy Code. These cases were subsequently converted to cases under chapter 7. On February 4, 2008, the court entered an order allowing the substantive consolidation of the debtors and the appointment of a trustee. These consolidated cases are administered under the case of Caremerica, Inc., 06-02913-8-JRL.

2. On the date of petition, the debtors operated adult care homes in eastern North Carolina. The debtors leased the buildings used to operate these adult care homes.

3. Ronald E. Burrell and Michael R. Elliott are shareholders and officers of the debtors.

4. The trustee filed an adversary proceeding against the Defendant on September 14, 2008. The trustee sought in his complaint to avoid and recover certain alleged preferential and fraudulent transfers made by the debtors to the Defendant. The complaint alleged preferential transfers of "at least $10,323.06" and fraudulent transfers of "at least $10,323.06."

5. On April 23, 2009, the Defendant filed a motion to dismiss the adversary proceeding for failure to state a claim upon which relief could be granted.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2); FED. R. BANKR. P. 7008. A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

**ANALYSIS**

**1. Motion to Dismiss Preference Claims**

The Defendant contends that the trustee's complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6). Specifically, the Defendant asserts that the complaint fails to allege facts sufficient to show why the trustee is entitled to avoid alleged preferential transfers under § 547 of the Bankruptcy Code. The Supreme Court recently adopted a heightened pleading standard for claims for relief under Rule 8(a)(2) and the requirements for claims to survive a motion to dismiss under 12(b)(6). The court examined this heightened pleading standard and its relationship to the trustee's claims to avoid transfers under § 547 of the Bankruptcy Code in the related adversary proceeding Angell v. BER Care, Inc., et al., No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009). The court

3

incorporates the analysis and pleading requirements for preference claims set forth in Angell v. BER Care, Inc. into this order.[1]

Pursuant to the holdings of the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009), the complaint of the trustee must satisfy a two-pronged test in order to overcome a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Under this two-pronged test, the trustee must plead sufficient factual allegations to establish a § 547 preference claim for relief that is plausible.[2] Because a preference cause of action consists of several elements, the court will address each element in turn.

---

[1] The chapter 7 trustee in the Caremerica cases filed multiple adversary proceedings against various parties seeking to avoid and recover alleged preferential and fraudulent transfers. In Angell v. BER Care, Inc., the court analyzed the pleading standard for preferential and fraudulent transfer claims in light of two recent Supreme Court opinions, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009). This order should be read in conjunction with the court's opinion in Angell v. BER Care, Inc.

[2] Section 547(b) provides:

   (b) Except as provided in subsection (c) and (i) of this section the trustee may avoid any transfer of an interest of the debtor in property –
      (1) to or for the benefit of a creditor;
      (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
      (3) made while the debtor was insolvent;
      (4) made –
          (A) on or within 90 days before the date of the filing of the petition; or
          (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
      (5) that enables such creditor to receive more than such creditor would receive if
          (A) the case were a case under chapter 7 of this title;
          (B) the transfer had not been made; and
          (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

A.  Transfer of an Interest of the Debtor in Property

Section 547(b) provides that a trustee may avoid "any transfer of an interest of the debtor in property . . . ." 11 U.S.C. § 547(b).  The trustee alleged in his complaint that the debtors transferred funds to the Defendant in the amount of "a least $10,323.06."  However, the complaint contains no facts in support of the trustee's general allegation that an interest of the debtors in property was transferred.  Significantly, the complaint also fails to identify which of the debtors made the alleged transfer.  It follows that the trustee cannot show it is plausible that an interest of the debtor in property was transferred.

B.  To or for the Benefit of a Creditor

Count I of the trustee's complaint asserts that "each preferential transfer was made to or for the benefit of the Defendant as a creditor of the transferor."  This conclusory assertion by the trustee recites one element of a § 547 preference claim but is not accompanied by factual content supporting entitlement to relief.  For example, the complaint contains no facts in support of the trustee's assertion that the Defendant is a transferee.  The complaint alleges preferential transfers of "at least $10,323.06" but lacks information as to the dates, amounts, and number of transfers.  Without factual assertions showing that it is plausible that the alleged transfers occurred, the complaint fails to satisfy the plausibility standard for claims for relief.

C.  For or on Account of an Antecedent Debt

Section 547(b)(2) requires that a preferential transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made."  11 U.S.C. § 547(b)(2).  In In re Valley Media, Inc., 288 B.R. 189 (Bankr. D. Del. 2003), the Delaware Bankruptcy Court held that "the nature and amount of the antecedent debt" was necessary to show entitlement to

5

relief under a preferential transfer theory. Valley Media, 288 B.R. at 192. This court agrees that the trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief.[3] In the case at bar, the trustee's complaint makes the conclusory assertion that each preferential transfer was made "for, or on account of, an antecedent debt owed by the Transferor to the Defendant before the transfers were made." However, the trustee fails to assert any facts showing the existence of an antecedent debt. In order to satisfy the pleading requirements under Iqbal, the trustee must allege facts regarding the nature and amount of the antecedent debt which, if true, would render plausible the assertion that a transfer was made for or on account of such antecedent debt.

D. Made while the Debtor was Insolvent

The avoidance of a preferential transfer is contingent on the debtor being insolvent on the date of the transfer. 11 U.S.C. § 547(b)(3). The Bankruptcy Code provides that the trustee may presume a debtor to be insolvent during the 90-day period preceding the date of the bankruptcy filing. 11 U.S.C. § 547(f). With respect to the Defendant, the trustee asserts that the alleged preferential transfers were made within 90 days of the petition date. Under § 547(f), the trustee is entitled to a presumption of insolvency for such transfers. However, the complaint must provide facts showing that the transfers did in fact occur during this 90-day preference period.

E. Within 90 Days, or Within One Year if the Creditor was an Insider

The date on which each alleged transfer was made is critical to ascertaining whether the

---

[3] Valley Media was decided prior to the Supreme Court cases of Twombly and Iqbal. However, Valley Media is significant because the Delaware Bankruptcy Court adopted a heightened pleading standard for § 547 preference claims. See Angell v. BER Care, Inc. for the court's examination of the significance of Valley Media in light of Twombly and Iqbal.

transfer is subject to avoidability under § 547.  Generally, a transfer is avoidable under § 547 if it was made within the 90-day period before the date of the filing of the petition.  11 U.S.C. § 547(b)(4)(A).  However, if the claimant alleges that the creditor receiving the benefit of the transfer was an insider, the transfer is avoidable if it occurred between 90 days and one year prior to the petition date.  Id. § 547(b)(4)(B).  In this case, the complaint asserts that the transfers were made within the 90-day period prior to petition.  However, the heightened pleading standard for claims for relief requires more than a conclusory assertion that transfers occurred within 90 days of the filing of bankruptcy.  Thus, the trustee must provide factual assertions showing that it is plausible the transfers were made during the 90-day preference period.  The trustee can accomplish this by including in his complaint specific dates and amounts of each alleged transfer.

F.  Enabled Creditor to Receive More than it would under Chapter 7

Under § 547(b)(5), avoidance is also contingent on the trustee establishing that the alleged preferential transfer enabled the transferee to receive more than it would have under chapter 7.  "Section 547(b)(5) is a central element of the preference section because it requires a comparison between what the creditor actually received and what it would have received under [chapter 7]."  5 Collier on Bankruptcy, ¶ 547.03[7] (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.).  Generally, as long as the distribution to general unsecured creditors would be less than 100%, any payment to such a creditor during the preference period would enable the creditor to receive more than it would in a liquidation had the payment not been made.  Id.; see also In re Virginia-Carolina Fin. Corp., 954 F.2d 193, 199 (4th Cir. 1992).  Thus, under circumstances where the alleged preferential transferee is an unsecured nonpriority creditor, the

trustee must show that the distribution to all such creditors in a chapter 7 liquidation would be less than 100%.

In light of the heightened pleading standard expressed in Iqbal, the court finds that the trustee is obligated to support his § 547 claims for relief with facts showing that it is plausible that creditors would receive less than a 100% payout in a liquidation.  However, the court finds that the trustee can satisfy this pleading requirement through the debtors' summary of schedules, which reflect liabilities far greater than assets.  See Precision Walls, Inc. v. Crampton, 196 B.R. 299, 303 (E.D.N.C. 1996) (summary of schedules demonstrating that liabilities exceeded assets was sufficient to support the bankruptcy court's finding that unsecured creditors would receive less than 100% on their claims).

**2.  Motion to Dismiss Fraudulent Transfer Claims**

In addition, the trustee's complaint seeks to avoid alleged fraudulent transfers incurred within the two-year period prior to the petition date of the debtors.  In moving to dismiss the trustee's fraudulent transfer claims, the Defendant contends that the trustee's complaint fails to satisfy the requisite pleading standards.  Section 548 of title 11 allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the date of the filing of the petition.  11 U.S.C. § 548(a)(1).  Section 548 claims may be founded on actual fraud or constructive fraud.  Id. § 548(a)(1)(A), (B).  Thus, a transfer is avoidable if it was either actually fraudulent in that it "(i) had at its purpose an intent to hinder, delay or defraud the debtor's creditors," or that it was constructively fraudulent in that it "(ii) was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with a reasonably equivalent value in exchange for the item transferred." 5 Collier on

Bankruptcy, ¶ 548.01 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.).  The Defendant alleges that the trustee's fraudulent transfer claims must be dismissed for failure to plead sufficient facts to support either actual or constructive fraud.

First, a claim to avoid a fraudulent transfer is sufficient if it satisfies the heightened pleading standard for actual fraud provided in Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires a party alleging fraud to "state with particularity the circumstances constituting fraud . . . ."  FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009.  However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.  A claim alleging an actual fraudulent transfer under § 548 must satisfy the particularity requirement of Rule 9(b).  See In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)).  The trustee admits that his claims to avoid fraudulent transfers under § 548(a)(1)(A) are subject to the Rule 9(b) standard for pleading but argues that the particularity requirement of Rule 9(b) should be relaxed because he is a third party with secondhand knowledge and limited access to information at the pleading stage.

The court finds that the trustee's complaint fails to satisfy the particularity requirement of Rule 9(b).  Count II of the complaint recites the elements of a fraudulent transfer under § 548.  In addition, the complaint asserts that the debtors "were subject to the dominion and control of Ronald E. Burrell and Michael R. Elliott, who used such control to commit fraud or wrong, in violation of their legal duties to the Debtors, resulting in substantial losses to creditors of the Debtors."  Although the trustee alleges wrongdoing on the part of the principals of the debtors, nowhere in the complaint does the trustee describe the conduct constituting fraud.  Without a

9

particularized showing of the circumstances constituting actual fraud, the court finds that the allegations in the complaint fail to satisfy the pleading requirements of Rule 9(b).

 Second, a trustee may base his avoidance claim on a theory of constructive fraud pursuant to § 548(a)(1)(B). Section 548(a)(1)(B) allows for the avoidance of certain transfers in which the debtor "received less than reasonably equivalent value" and either (I) was or became insolvent on the date of the transfer; (II) became insufficiently capitalized following the transfer; (III) intended to incur debts that would be beyond its ability to repay; or (IV) made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business. 11 U.S.C. § 548(a)(1)(B). Rule 9(b) does not apply to claims for avoidance of constructively fraudulent transfers because such claims are not based on actual fraud but instead rely on the debtor's financial condition and the sufficiency of consideration provided by the transferee. In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)). Rather, § 548(a)(1)(B) claims must satisfy Rule 8(a) and the heightened pleading standard introduced in Twombly and Iqbal. It follows that claims to avoid constructively fraudulent transfers must assert factual allegations which show that relief is plausible.

 The trustee's complaint alleges that, with respect to transfers alleged to be fraudulent, the transferor "received less than reasonably equivalent value in exchange from the Defendant for the fraudulent transfers." The complaint also alleges that the transferor was "insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfers." Although the trustee's allegations mirror the elements of § 548(a)(1)(B), the trustee fails to support these allegations with factual content describing the consideration received by each

transferor or the debtors' insolvency at the time of the transfer.  In the absence of such factual content, the trustee cannot show that avoidance of transfers under the theory of constructive fraud is plausible.

**3.  Conclusion**

Based on the foregoing, the Defendant's motion to dismiss the trustee's claims to avoid alleged preferential transfers is GRANTED.  The Defendant's motion to dismiss the trustee's claims to avoid alleged fraudulent transfers under § 548(a)(1) is GRANTED.  However, the court grants permission for the trustee to re-plead his claims against the Defendant according to the pleading standards adopted by the court in this order and in <u>Angell v. BER Care, Inc., et al.</u>, No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009).  The trustee shall have 30 days from the date of this order in which to file an amended complaint.  Once the trustee has filed his amended complaint, the Defendant will have 20 days in which to answer.

"END OF DOCUMENT"